Toffalori *v.* Donatelli Granite Co., Appellant et al.

312

Argued April 12, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Murray J. Jordan,* with him *Fred J. Jordan* and *Charles W. Snyder,* for Donatelli Granite Co., appellant.

*S. H. Torchia,* with him *Ralph H. Behney, M. H. Kowallis* and *James H. Duff,* Attorney General, for Commonwealth, appellant.

*A. L. McLaughlin, Jr.,* with him *Hirsch & Shumaker,* for appellee.

OPINION BY DITHRICH, J., July 19, 1945:

Claimant seeks compensation for the death of her husband who was disabled by and died as a result of an occupational disease. The referee awarded compensation. The board, Commissioner Jacoby dissenting, set aside the award on the ground that the death occurred beyond the time limitation fixed by the legislature. On appeal, the County Court of Allegheny County reversed the board and entered judgment in favor of the claimant. The defendant-employer, its insurance carrier, and the Commonwealth of Pennsylvania, State Workmen's Insurance Fund, bring these appeals.

There is no dispute about the facts. Guido Toffalori, claimant's husband, was employed by defendant, Donatelli Granite Company, as a granite monument worker, from 1919 to December 23, 1939. On the latter date, he became totally disabled as a result of exposure to silicon dioxide in the course of his employment. He duly filed his claim petition and compensation for total disability was awarded under date of February 27, 1941, at the rate of $18.00 per week beginning December 30, 1939. Toffalori died of silicosis on January 23, 1943. During his lifetime, the decedent had been paid a total of $2,877.99 against the maximum amount of $3,600.00 allowed by the act: Occupational Disease Act, June 21, 1939, P. L. 566, §301(a)2, 77 PS §1401(a)2. On February 3, 1943, decedent's widow filed her claim petition, alleging total dependency and asking for such compensation as was due under the act. In awarding compensation, the referee directed payments to be made until the statutory sum of $3,600 was paid, and allowed credit to defendants for compensation paid to decedent during his lifetime. The balance amounted to $722.01.

The Occupational Disease Act, supra, §301(c), 77 PS §1401(c), provides in part: "Wherever death is men-

tioned as a cause for compensation under this act, it shall mean only death resulting from occupational disease and occurring within three years after the date of his last employment in such occupation or industry." The decedent died three years and one month after the date of his last employment. It is the contention of the appellants that since decedent did not die within three years after the date of his last employment, his widow's claim is barred.

The appeals raise a single question of law, involving the interpretation of the limitation set forth in Section 301(c) of the act. The case is one of first impression, this section of the act not having been previously construed. Appellants, in contending for the construction they place upon it, rely chiefly upon the case of *Meyers v. Moxham Coal Co.,* 293 Pa. 7, 141 A. 643, which involved the interpretation of a similar limitation of the Workmen's Compensation Act, June 2, 1915, P. L. 736, Art. III, §301, 77 PS §411, viz.: "...... and wherever death is mentioned as a cause for compensation under this act, it shall mean only death resulting from such violence and its resultant effects, and occurring within three hundred weeks after the accident." The *Meyers* case held that this language was plain and explicit and that a claim for compensation for death resulting more than three hundred weeks after the accident was barred. We do not feel that that decision is controlling in the instant case because of a basic difference in the facts.

The distinction between the *Meyers* case and the instant case lies in the fact that in the *Meyers* case no claim petition was filed, nor was any compensation paid, during the lifetime of the decedent. The claim petition in the *Meyers* case was an *original* claim and the "cause for compensation" was death. As such, the claim was properly barred by the statute. But in the instant case, the claim petition was not an original claim. The original claim had been filed by the decedent during his lifetime and the "cause for compensation" was total

disability, not death. Upon this claim, compensation had already been paid. The present petition was in effect a claim for *continuation* of the payments of compensation that had already been awarded for total disability. The award made on this petition was not based upon the death of decedent; death was not the "cause for compensation." The award was merely an order to pay the balance of the compensation due to the decedent's dependent widow. Cf. *Polk v. Western Bedding Co.*, 145 Pa. Superior 142, 147, 20 A. 2d 845.

Since the petition was not an original claim, and since death was not the cause for compensation, the claim was not barred. In our opinion the words of Section 301(c), "Wherever death is mentioned as a cause for compensation ......" are applicable in a case where no claim is made during the employee's lifetime for compensation for *disability*. In such a case, where the first claim is filed after the employee's death, *death* is the cause for compensation. If the employee dies more than three years after the date of his last employment, the claim is barred. Section 301(c) was intended to prevent stale claims: *Meyers v. Moxham Coal Co.*, supra. It was not intended to bar dependents from receiving the balance of compensation that has already been awarded on a prompt claim. This is the only just and reasonable construction that can be put on this provision of the act. Since the provision is fairly susceptible of two constructions, it is proper to consider "the injustice, unreasonableness and inconvenience" that would follow the construction contended for by appellants: *Cammie v. I. T. E. Circuit Breaker Co. et al.*, 151 Pa. Superior 246, 253, 30 A. 2d 225. It is also proper that we adopt a rule of liberal construction as a guide in order to effectuate the remedial purpose of the act: *Roschak v. Vulcan Iron Works*, 157 Pa. Super. 227; *Uditsky v. Kradovitz*, 133 Pa. Superior 186, 2 A. 2d 525.

That it was the intention of the legislature, that cer-

tain named dependents should receive the balance of compensation awarded, is further supported by other relevant sections of the act. Section 301(a), Occupational Disease Act, supra, 77 PS §1401(a)2, provides:

"The maximum compensation payable under this article for *disability and death* [1] resulting from silicosis, anthraco-silicosis, or asbestosis shall not exceed the sum of thirty-six hundred dollars ($3,600), which shall be full and complete payment for all disability, present or future, or for death from such occupational diseases arising out of employment by any and all employers in this Commonwealth." (Italics supplied).

Section 306(g) of the Act, 77 PS §1406(g), provides:

"Should the employe die as a result of the occupational disease, the period during which compensation shall be payable to his dependents, under section three hundred and seven of this article, shall be reduced by the period during which compensation was paid to him in his lifetime, under this section of this article."

Section 301(c) cannot be read alone; it must be considered with other related parts of the act, *Tranter v. Allegheny County Authority*, 316 Pa. 65, 173 A. 289, so as to give effect to the entire statute: *Commonwealth v. Charles*, 114 Pa. Superior 473, 174 A. 907.

The learned court below in entering judgment for the claimant, reversed the "Workmen's. Compensation Board's findings of fact, conclusions of law, and order." The learned court did not have authority to reverse the board's findings of fact, but it was harmless error since the facts were not in controversy, the sole question involved being one of law. The judgment will be modified accordingly.

The judgment as modified is affirmed.

---

[1] The Occupational Disease Act of July 2, 1937, P. L. 2714, 77 PS §1105, which was repealed by the Occupational Disease Act of 1939, supra, read "disability *or* death." (Italics supplied)