535 A.2d 756

Michael P. Duffy, Deceased, Mary Duffy, Widow *v.* City of Scranton/Fire Dept. and Commonwealth of Pennsylvania, Bureau of Workers' Compensation. Commonwealth of Pennsylvania, Bureau of Workers' Compensation, Appellant.

538

Argued November 16, 1987, before Judges CRAIG, COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*Richard T. Kelley,* with him, *Wanda A. Whare,* for appellant.

*George W. Teets,* for appellee, Mary Duffy.

*Daniel A. Miscavige,* with him, *Frederick H. Hobbs,* for appellee, City of Scranton/Fire Dept.

OPINION BY SENIOR JUDGE BARBIERI, January 14, 1988:

The Bureau of Workers' Compensation (Bureau), acting for the Commonwealth of Pennsylvania,[1] and the City of Scranton (Employer), appeal here the order of the Court of Common Pleas of Lackawanna County which affirmed the grant of widow's benefits to Mary Duffy (Claimant) by the Workmen's Compensation Appeal Board (Board) under The Pennsylvania Occupational Disease Act (Act).[2] We shall affirm.

Claimant's husband, Michael P. Duffy, had been employed as a fire fighter by the City of Scranton for twenty-one years. As a result of exposures during the performance of his duties, he became totally disabled on November 2, 1971 from coronary insufficiency. During his lifetime he filed for and was awarded disability

---

[1] The liability to pay benefits here is based on the provisions in Section 108(o) of The Pennsylvania Occupational Disease Act, Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §1208(o), under which the Commonwealth is responsible to pay the full amount of compensation due for disability or death incurred by firemen under specified circumstances.

[2] *Id.*

benefits payable by the Commonwealth under Section 108(o) of the Act[3] which he received until his death on December 6, 1984, from coronary insufficiency. His widow, Mary Duffy, Claimant herein, filed a fatal claim petition seeking compensation and funeral benefits under Sections 301(a) and 307.2[4] of the Act for the disease death under Section 108(o).[5] The referee concluded that Decedent's death was the result of the occupational disease incurred in the hazardous employment as a fire fighter with the City of Scranton and ordered the Commonwealth to pay weekly compensation benefits and funeral expenses.

On appeal to this Court, the Bureau contends as it did before the trial court and the Board, that the death claim herein is time barred under Section 301(c) of the Act. The pertinent portion of that section reads:

Whenever compensable disability or death is mentioned as a cause for compensation under this Act, it shall mean only compensable disability or death occurring within four years after the date of his last employment in such occupation or industry.

Although there was compensable disability, it is argued, the death did not occur within four years after the date of Decedent's "last employment in such occupation or

---

[3] *Id.* The referee found:

2. On November 2, 1971, Michael P. Duffy, now deceased, was totally disabled as a result of coronary insufficiency due to arteriosclerotic coronary heart disease, due to exposure to an occupational disease hazard, resulting after four (4) or more years of service as a salaried fireman, caused by extreme overexertion in times of stress, strain or danger, and exposed to heat, fumes, smoke and gases arising directly out of the claimant's employment with the City of Scranton, defendant.

[4] 77 P.S. §1401(a) and §1407.2, respectively.

[5] *See* Footnote No. 1 above.

industry" and that, therefore, death benefits must be denied. We disagree and hold that the Board and trial court correctly accepted as controlling the long established and accepted ruling in *Toffalori v. Donatelli Granite Co.*, 157 Pa. Superior Ct. 311, 43 A.2d 584 (1945).

In *Toffalori*, as here, liability for the fireman's disability under Section 108(o) had been accepted and payment of benefits therefor made until the death which occurred after the period provided in Section 301(c)[6] had elapsed. The Court held that the controlling words in the applicable portion of Section 301(c) were "[w]henever compensable *disability or death* is . . . *cause for compensation* under this act. . . ." Thus, having established timely and compensable exposure, and reading "disability *or* death" disjunctively, the requirements of the Act were met and the death benefits were merely a continuum of the previously admitted or established liability to pay compensation. It follows, of course, that if the facts were different and the "cause for compensation" were the death, no compensation having been paid for disability during the decedent's lifetime, the claim would be time barred. We have so held, *Kilvady v. United States Steel Corporation*, 90 Pa. Commonwealth Ct. 586, 496 A.2d 116 (1985), and our Supreme Court has recognized the *Toffalori* exception. *Kujawa v. Latrobe Brewing Company*, 454 Pa. 165, 169, n. 5, 312 A.2d 411, 413, n. 5 (1973). We decline to honor the Commonwealth's request that we "overrule" or distinguish *Toffalori*. We think the *Toffalori* exception is a wise one.[7] The purpose of Section 301(c) of the

---

[6] 77 P.S. §1401(c).

[7] We believe that the Legislature recognized the validity and wisdom of the *Toffalori* exception in enacting Section 301(c)(2) of the 1972 occupation disease provisions of The Pennsylvania Work-

Act is to provide timely notice of disability or death. Thus, the Bureau cannot assert a failure of notice in the present case where it had been paying total disability benefits for the same exposure for thirteen years.

We come now to the Commonwealth's alternative contention that while the provision in Section 108(o) requires the Commonwealth to "pay the full amount of compensation for disability under this clause," the death that results from that disability is a separate cause of action and, as such, the Commonwealth's liability should be limited to "forty per centum," as provided in Section 308(a) of the Act.[8] Again we must disagree.

As Judge COTTONE stated in his opinion for the Lackawanna trial court in this case:

> We are not persuaded by the Commonwealth's argument that section 308(a), which apportions liability between the employer and the Commonwealth, should control the payment of these benefits. Rather we are in firm agreement with the Appeal Board that these benefits are, indeed, payable by the Commonwealth as a continuim [sic] of the lifetime claim under Section 108(o). . . .

---

men's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411. The relevant provisions of that section read:
> Provided, That whenever occupational disease is the basis for compensation, for disability or death under this act, it shall apply only to disability or death resulting from such disease and occurring within three hundred weeks after the last date of employment in an occupation or industry to which he was exposed to hazards of such disease: And *provided further, That if the employe's compensable disability has occurred within such period, his subsequent death as a result of the disease shall likewise be compensable.* (Emphasis added.)

[8] 77 P.S. §1408(a).

Again, we cannot but help agree with the Appeal Board that the Commonwealth, who was the responsible party for lifetime benefits for some thirteen (13) years under decedent's claim, is also the responsible party for survivor benefits stemming from that same claim.

We hold, therefore, that where "disability" is the "cause for compensation" under Section 301(c) of the Act, as in this case, the death from that same exposure and disability does not result in the reduction of the Commonwealth's full liability under Section 108(o) to forty percent of that existing liability.

For the reasons stated, we will affirm.

ORDER

NOW, January 14, 1988, the order of the Court of Common Pleas of Lackawanna County at No. 86-CIV. 2692, dated November 24, 1986, is hereby affirmed.