543 A.2d 1248

Charles Fortely, Deceased, Helen Fortely, Widow, Petitioner *v.* Workmen's Compensation Appeal Board (J & L Steel Corporation (Buckeye)), Respondents.

Submitted on briefs March 22, 1988, to Judges CRAIG, DOYLE and PALLADINO, sitting as a panel of three.

*Alexander J. Pentecost,* with him, *Amiel B. Caramanna, Jr.,* for petitioner.

*Beth S. Kromer, Tillman* & *Thompson,* for respondents.

OPINION BY JUDGE PALLADINO, June 28, 1988:

Helen Fortely (Petitioner) appeals an order of the Workmen's Compensation Appeal Board (Board) affirming the decision of a referee to deny death benefits on behalf of her husband, Charles Fortely (Decedent). We affirm.

Decedent was employed as a coal miner by Jones and Laughlin Steel Corporation (Employer) from September 18, 1939 to August 26, 1976. Decedent died on February 15, 1984. Petitioner filed a fatal claim petition on or about November 7, 1985, alleging that Decedent's death was caused by pneumoconiosis and anthracosilicosis as a result of exposure to coal dust at work. Employer contested this claim and asserted that the claim was time barred because Decedent's death did not occur within three hundred (300) weeks after the last date of exposure to the coal dust.

After a hearing, the referee determined that Decedent's death did not occur within 300 weeks after the last date of employment in the coal industry where he was exposed to the coal dust hazard. The Board affirmed the decision of the referee. The Board noted that Decedent had not filed for benefits under either The Pennsylvania Workmen's Compensation Act[1] (Workmen's Compensation Act) or the Pennsylvania Occupational Disease Act[2] (Occupational Disease Act) during his lifetime. The Board further determined that no tes-

___

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1-1066.

[2] Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §§1201-1603.

timony had been presented to establish that Decedent became disabled within 300 weeks of his last date of employment nor that Decedent became aware of his disability and its relationship to his work within the 300 weeks prior to his death.

On appeal to this court, Petitioner contends that she was prepared to offer medical evidence that Decedent became disabled on February 22, 1982 or October 20, 1982 from his exposure to coal dust and that Decedent died within 300 weeks of that disability. Petitioner argues that if she is permitted to establish this, she is entitled to death benefits regardless of whether Decedent filed a claim for benefits during his lifetime.[3]

Section 301(c)(2) of the Workmen's Compensation Act[4] provides in pertinent part:

> [W]henever occupational disease is the basis for compensation, for disability or death under this act, it shall apply only to disability or death resulting from such disease and occurring within three hundred weeks after the last date of employment in an occupation or industry to which he was exposed to hazards of such disease: And provided further, That if the employe's compensable disability has occurred within such period, his subsequent death as a result of the disease shall likewise be compensable.

Petitioner argues that this section should be liberally interpreted to allow her to establish that Decedent became *disabled* within 300 weeks of his last date of em-

---

[3] Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Mercy Catholic Medical Center v. Workmen's Compensation Appeal Board (Fry)*, 114 Pa. Commonwealth Ct. 218, 538 A.2d 636 (1988).

[4] 77 P.S. §411(2).

ployment in the coal industry. Petitioner contends that if she does so, she will be entitled to death benefits even though Decedent *died* more than 300 weeks after his last date of employment.

As support for her argument, Petitioner cites this court's decision in *Jones & Laughlin Steel Corporation v. Workmen's Compensation Appeal Board (Feiertag)*, 90 Pa. Commonwealth Ct. 567, 496 A.2d 412 (1985). The claimant in *Jones & Laughlin* filed a claim petition on January 13, 1981, but his last date of employment was January 17, 1974 (outside the 300 week limitation). The referee in that case found that, based upon the medical testimony presented, the claimant had become disabled in February of 1976, thereby bringing him within the 300 week period. In *Jones & Laughlin*, we affirmed the decision of the referee to award benefits and held that the three hundred week limitation in Section 301(c)(2) is a limitation upon the time in which a disability from a work-related disease can develop after employment and still be compensable.

We find *Jones & Laughlin* to be distinguishable from this case. In *Jones & Laughlin*, we interpreted Section 301(c)(2) in the context of a lifetime claim for benefits. However, the Pennsylvania Supreme Court has held that the right of a widow to compensation is a separate cause of action, independent of and not derivative from the right of the deceased employee. *Kujawa v. Latrobe Brewing Company*, 454 Pa. 165, 312 A.2d 411 (1973). Thus, *Jones & Laughlin* does not control our resolution here because we must now construe Section 301(c)(2) in relation to a fatal claim petition.

To begin our analysis, we note that the Occupational Disease Act contains a limitation similar to the one found in the Workmen's Compensation Act. Section 301(c) of the Occupational Disease Act provides:

Wherever compensable disability or death is mentioned as a cause for compensation under

this act, it shall mean only compensable disability or death resulting from occupational disease and occurring within four years after the date of his last employment in such occupation or industry.

77 P.S. §1401(c).

The Pennsylvania Superior Court has held that the language of Section 301(c) of the Occupational Disease Act stating that "[w]herever death is mentioned as a cause for compensation. ..." refers to cases where no claim is made during the employee's lifetime for compensation for disability. *Toffalori v. Donatelli Granite Company,* 157 Pa. Superior Ct. 311, 43 A.2d 584 (1945). The Court in *Toffalori* determined that where the first claim is filed after the employee's death, *death* is the cause for compensation. Thus, if the employee dies more than three years[5] after the last date of employment, the claim is time barred. *Toffalori* creates an exception to this general rule where a claim *has* been filed by the employee during his lifetime. In this type of case, the cause for compensation is *disability* such that a widow's claim will be construed to be a continuation of the benefits already awarded to the employee. *See also Duffy v. City of Scranton/Fire Department,* 112 Pa. Commonwealth Ct. 537, 535 A.2d 756 (1988) (benefits awarded under *Toffalori* exception).

We declined to extend the *Toffalori* exception to a case where a widow was seeking death benefits under the Occupational Disease Act more than fifteen years after the date of her husband's last exposure. *Kilvady v. United States Steel Corporation,* 90 Pa. Commonwealth Ct. 586, 496 A.2d 116 (1985). Benefits were denied in

---

[5] At the time of the *Toffalori* decision, the Occupational Disease Act contained a three (3) year limitation. The statute has since been amended to provide for a four (4) year limitation period.

*Kilvady* because no disability claim had been filed by her husband within the statutory period.

The reasoning developed in the occupational disease cases persuades us that Petitioner's claim for death benefits is likewise barred by the 300 week limitation in the Workmen's Compensation Act because Decedent's death occurred outside that statutory period. We cannot construe Petitioner's claim for death benefits as a continuation of disability benefits where Decedent did not file a claim during his lifetime.

Accordingly, we affirm.

ORDER

AND NOW, June 28, 1988, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.