122 Pa. Commonwealth Ct. 171 (1988)
551 A.2d 653
Penn Steel Foundry and Machine Company and State Workmen's Insurance Fund, Petitioners
v.
Workmen's Compensation Appeal Board (Wagner), Respondents.
No. 1292 C.D. 1987.
Commonwealth Court of Pennsylvania.
Submitted on briefs January 19, 1988.
December 16, 1988.
*172 Submitted on briefs January 19, 1988, to Judges DOYLE and McGINLEY, and Senior Judge KALISH, sitting as a panel of three.
Frederick H. Hobbs, for petitioner, Penn Steel Foundry and Machine Company.
*173 Frank L. Tamulonis, Jr., Zimmerman, Lieberman & Derenzo, for respondents, David Wagner, Deceased, by Ruth R. Wagner, Widow.
OPINION BY SENIOR JUDGE KALISH, December 16, 1988:
Penn Steel Foundry and Machine Company (employer) seeks review of the opinion and order of the Workmen's Compensation Appeal Board (Board), affirming the referee, which granted the fatal claim petition of the claimant, Ruth R. Wagner. We affirm.
Claimant seeks compensation for the death of her husband, David Wagner (decedent), alleging that he died as a direct result of an occupational disease.
The employer contends that the fatal claim petition should fail because decedent's death did not occur within 300 weeks of the last exposure, pursuant to section 301(c)(2) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §411(2).
Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; Estate of McGovern v. State Employees' Retirement Board, 512 Pa. 377, 517 A.2d 523 (1986).
In workmen's compensation, at an early date, our legislature made provisions for death benefits payable to a widow, provided death from the disease occurred within three years of the last exposure.
Since then, the Act has been amended. Section 301(c) of the Act, 77 P.S. §411(2), now provides:
Whenever occupational disease is the basis for compensation, for disability or death under this act, it shall apply only to disability or death *174 resulting from such disease and occurring within three hundred weeks after the last employment in an occupation to which he was exposed to hazards of such disease: And provided further, That if the employe's compensable disability has occurred within such a period, his subsequent death as a result of the disease shall likewise be compensable. (Emphasis added.)
Thus, the Act specifically provides that when disability occurs within 300 weeks of exposure, the subsequent death as a result of the disease shall likewise be compensable. The legislature clearly recognized the sometimes insidious nature of occupational diseases and although death may occur after 300 weeks of the last exposure, it is nevertheless compensable if the disability occurred within the 300 week period.
It is the date of the compensable disability which triggers the limitation period even though death may occur after 300 weeks of the last exposure. The injury date begins to run after it is discoverable and it becomes apparent that a compensable injury or disease was sustained. Ciabattoni v. Birdsboro Steel Foundry & Machine Co., 386 Pa. 179, 125 A.2d 365 (1956). See also Roschak v. Vulcan Iron Works, 157 Pa. Superior Ct. 227, 42 A.2d 280 (1945).
Our courts have held that a widow's right to compensation under the Act is a separate cause of action, independent of and not derivative from the right of a deceased employee. Kujawa v. Latrobe Brewing Co., 454 Pa. 165, 312 A.2d 411 (1973). A widow's right is not conditional upon decedent's having petitioned for or received compensation for the injury. Moore v. Dodge Steel Co., 206 Pa. Superior Ct. 242, 213 A.2d 130 (1965). To constitute a basis for the widow's independent cause of action, all that must be shown is a *175 "compensable disability" that has occurred within the requisite period.
Proof of a compensable disability differs from proof of a "compensated disability." A "compensable injury" within Workmen's Compensation is one caused by an accident arising out of and in the course of employment. Black's Law Dictionary 906 (5th ed. 1979). Where remuneration has been given, it is a "compensated" disability.
In Toffalori v. Donatelli Granite Co., 157 Pa. Superior Ct. 311, 43 A.2d 584 (1945), the court was confronted with a widow's claim where death occurred after the three year period, but there had been a compensation award. The court held that under those circumstances the widow's claim was an extension of the decedent's claim. See also Valent v. Berwind-White Coal Mining Co., 172 Pa. Superior Ct. 305, 94 A.2d 197 (1953).
In Fortely v. Workmen's Compensation Appeal Board (J & L Steel C.), 117 Pa. Commonwealth Ct. 356, 543 A.2d 1248 (1988), this court found that the widow's claim was not a continuation of the decedent's claim since no testimony was presented to establish that the decedent became disabled within the 300 week period, nor that decedent became aware of his disability and its relationship to his work.
In the instant case, the referee found that decedent was a molder who had been hospitalized and treated for pneumoconiosis and that he became totally and permanently disabled on November 14, 1977. However, this information was not communicated to him until January 16, 1978. He died on December 22, 1983. Although decedent filed no claim for compensation during his lifetime, he did have a "compensable disability" and his widow timely filed her claim. Accordingly, we affirm.

*176 ORDER
NOW, December 16, 1988, the order of the Workmen's Compensation Appeal Board, Decision No. A-91289, dated May 29, 1987, is affirmed.
Judge MacPHAIL did not participate in the decision in this case.
DISSENTING OPINION BY JUDGE DOYLE:
I respectfully dissent because I believe Fortely v. Workmen's Compensation Appeal Board (Jones & Laughlin Steel Corp. (Buckeye)), 117 Pa. Commonwealth Ct. 356, 543 A.2d 1248 (1988), is controlling in this case and compels a contrary result.
In Fortely, although there was no actual testimony presented to the referee, the claimant argued in her appeal to this Court that she was prepared to offer medical evidence that decedent had become disabled within three hundred weeks of his last employment and that he had died within three hundred weeks of that disability. At the same time she conceded, however, that his death would have been more than three hundred weeks subsequent to his last employment. In rejecting the claimant's argument, Judge PALLADINO articulated the reasoning of this Court as follows:
To begin our analysis, we note that the Occupational Disease Act contains a limitation similar to the one found in the Workmen's Compensation Act. Section 301(c) of the Occupational Disease Act provides:
Wherever compensable disability or death is mentioned as a cause for compensation under this act, it shall mean only compensable disability or death resulting from occupational disease and occurring within four years after the date of his last employment in such occupation or industry.

*177 77 P.S. §1401(c).
The Pennsylvania Superior Court has held that the language of Section 301(c) of the Occupational Disease Act stating that `[w]herever death is mentioned as a cause for compensation.. . .' refers to cases where no claim is made during the employee's lifetime for compensation for disability. Toffalori v. Donatelli Granite Company, 157 Pa. Superior Ct. 311, 43 A.2d 584 (1945). The Court in Toffalori determined that where the first claim is filed after the employee's death, death is the cause for compensation. Thus, if the employee dies more than three years[5] after the last date of employment, the claim is time barred. Toffalori creates an exception to this general rule where a claim has been filed by the employee during his lifetime. In this type of case, the cause for compensation is disability such that a widow's claim will be construed to be a continuation of the benefits already awarded to the employee. See also Duffy v. City of Scranton/Fire Department, 112 Pa. Commonwealth Ct. 537, 535 A.2d 756 (1988) (benefits awarded under Toffalori exception).
We declined to extend the Toffalori exception to a case where a widow was seeking death benefits under the Occupational Disease Act more than fifteen years after the date of her husband's last exposure. Kilvady v. United States Steel Corporation, 90 Pa. Commonwealth Ct. 586, 496 A.2d 116 (1985). Benefits were denied in Kilvady because no disability claim had been filed by her husband within the statutory period.
The reasoning developed in the occupational disease cases persuades us that Petitioner's claim *178 for death benefits is likewise barred by the 300 week limitation in the Workmen's Compensation Act because Decedent's death occurred outside that statutory period. We cannot construe Petitioner's claim for death benefits as a continuation of disability benefits where Decedent did not file a claim during his lifetime. (Emphasis added in part and footnote omitted.)
Id. at 360-61, 543 A.2d at 1248.
Because no claim for disability benefits was filed in the case sub judice, the result reached by the majority here is directly contrary to our holding in Fortely. Moreover, it is also directly contrary to the rationale in Kilvady where this Court held that Section 301(c) of The Pennsylvania Occupational Disease Act, (OD Act) Act of June 21, 1939, P.L. 566, as amended, 77 P.S. §1401(c), which is the twin provision of Section 301(c)(2) of The Pennsylvania Workmen's Compensation Act (WC Act), Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §411, is a statute of repose, and we distinguish other sections of the OD Act (i.e., Sections 311, 315, 77 P.S. §1411, 1415 respectively) where the remedy only, and not the substantive rights, are dealt with. We stated in Kilvady:
[T]he distinction was explained by Judge WRIGHT in Moore v. Dodge Steel Co., 206 Pa. Superior Ct. 242, 213 A.2d 130 (1965) as the difference between the right to compensation under Section 301(c) and the time within which that right to compensation must be asserted under Section 315. Consequently, inasmuch as the occupational disease compensation system is a creation of the legislature, we cannot create a new right thereunder not provided by the legislature and, except for situations such as that in Toffalori, we must defer to the legislative determination that *179 there can be no right to compensation where death from an occupational disease does not occur within four years after the date of the employee's last exposure. Gray. Section 301(c) must be interpreted, therefore, as a statute of repose and any change to the contrary must be left to the legislature. (Emphasis in original.)
Kilvady, 90 Pa. Commonwealth Ct. at 592, 496 A.2d at 119-120.
The rejection of the contrary view can be clearly understood by reference to Judge KALISH'S dissent in Kilvady when he wrote, "[t]o hold otherwise [than the dissenting viewpoint] would convert section 301(c) into a statute of repose, contrary to the intent of the legislature." Id. at 595, 496 A.2d at 121. The majority in Kilvady held, of course, that it was the intent of the legislature to do just that. Hence, the result reached by the majority in this case will have the effect of interpreting the two acts differently, and contrary to one another, an undesirable result in my opinion. The insidious nature of an occupational disease is just as insidious under the OD Act as it is under the WC Act, and the two acts should be construed in a similar fashion.