573 A.2d 238

**OLSEN BODIES, INC. and Travelers Insurance Company, Petitioners,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (GAVAS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Jan. 5, 1990.

Decided March 15, 1990.

Reargument Denied May 16, 1990.

418

Hugh F. Mundy, Dougherty, Mundy, Levanthal & Price, Kingston, for petitioners.

John R. Lenahan, Jr., Lenahan & Dempsey, P.C., Scranton, for respondents.

Before DOYLE and McGINLEY, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Olsen Bodies, Inc. (Employer) petitions for review of the order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision awarding fatal claim benefits to the widow of John C. Gavas (Decedent). We reverse.

On August 14, 1975, Decedent sustained an acute myocardial infarction while doing some heavy lifting for Employer. As a result, Decedent received total disability benefits at

the rate of $89.68 per week pursuant to a Notice of Compensation Payable.

On September 21, 1986, while still receiving total disability benefits, Decedent suffered a fatal myocardial infarction. His widow, Ann M. Gavas (Claimant), filed a fatal claim petition on March 9, 1987, alleging that Decedent's death was the result of his prior work-related injury of August 14, 1975. Employer filed a timely Answer in which it raised the affirmative defense that Claimant's claim was barred by Section 301(c)(1) of The Pennsylvania Workmen's Compensation Act[1] (Act) since Decedent's death occurred in excess of 300 weeks from the date of the original work-related injury.

After a series of hearings, the referee held that Decedent's death on September 21, 1986 was the natural and probable result of his initial work-related injury on August 14, 1975, and that the affirmative defense raised pursuant to Section 301(c)(1) of the Act was not available to Employer in light of this Court's holding in *Duffy v. City of Scranton/Fire Department*, 112 Pa.Commonwealth Ct. 537, 535 A.2d 756 (1988). Upon further appeal, the Board affirmed the referee's decision, and this petition for review followed.[2]

Section 301(c)(1) of the Act, 77 P.S. § 411(1), provides in pertinent part:

[W]herever death is mentioned as a cause for compensation under this act, it shall mean only death resulting from such injury and its resultant effects, and occurring within three hundred weeks after the injury.

Employer argues that the referee erred as a matter of law in failing to dismiss Claimant's petition as untimely filed pursuant to Section 301(c)(1) of the Act because Decedent's

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 411(1).
2. Where the party with the burden of proof is successful before the referee, our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board (Feiertag)*, 90 Pa. Commonwealth Ct. 567, 496 A.2d 412 (1985).

death on September 21, 1986 occurred more than 300 weeks after Decedent's original work-related injury on August 14, 1975.

In *Kujawa v. Latrobe Brewing Co.*, 454 Pa. 165, 312 A.2d 411 (1973), a case factually similar to the one at hand, our Supreme Court held that there is no recovery under Section 301(c) of the Act for death from a non-occupational disease type injury when it occurs more than three hundred weeks after the original, work-related injury. In dismissing Mrs. Kujawa's fatal claim petition as time barred by Section 301(c) of the Act, the Supreme Court noted that the language of Section 301(c) was "plain and explicit, not in the least doubtful and excludes, as it was certainly intended to do, from the provisions of the act, any claims for death ... occurring more than three hundred weeks after the accident." *Id.*, 454 Pa. at 167, 312 A.2d at 412. Additionally, the Supreme Court stated that the fact that the decedent was receiving disability compensation payments before his death did not lead to a different result, thereby limiting the exception delineated by the Superior Court in *Toffalori v. Donatelli Granite Co.*, 157 Pa. Superior Ct. 311, 43 A.2d 584 (1945), to death from occupational disease type injuries only.[3]

In the present case, the Board recognized the distinction made by the Supreme Court in *Kujawa* regarding the time period when claims for death must be brought under Sec-

---

**3.** In rejecting the exception delineated in *Toffalori,* the Supreme Court reasoned:

In Toffalori, the Superior Court interpreted Section 301 of the Occupational Disease Act, [Act of June 21, 1939, P.L. 566, No. 284, *as amended,* 77 P.S. § 1401(c) ], to permit recovery for a death which resulted from an occupational disease, but which occurred more than three years (now four) after the last date of employment, where compensation had been paid to the decedent during his lifetime. The theory was that the claim in that case was for a continuation of the compensation payments which had already been awarded for total disability, (footnote omitted) and that death was not the *basis* of the award, but merely an *event* requiring payment of the balance of the compensation due the decedent. Appellant urges that the rationale of Toffalori should apply to the instant case, since here as in Toffalori the decedent was receiving disability compensation payments prior to his death.... This Court

tion 301(c)(1) of the Act for non-occupational disease type injuries, and under Section 301(c)(2) of the Act for occupational disease type injuries. Nevertheless, the Board found this distinction abrogated by this Court's holding in *Duffy*.

The claimant in *Duffy* filed for fatal claim benefits after her husband died from coronary heart disease which was caused by his exposure to an occupational disease hazard. Prior to his death, the claimant's husband had received total disability benefits for thirteen years. Because the claimant's petition was based upon her husband's occupational disease type injury, this Court applied the exception delineated in *Toffalori* and awarded the claimant benefits.

We went on to state in *Duffy* that:

[t]he purpose of Section 301(c) of the Act is to provide timely notice of disability or death. Thus, the Bureau cannot assert a failure of notice in the present case where it had been paying total disability benefits for the same exposure for thirteen years.

*Id.*, 112 Pa.Commonwealth Ct. at 541–542, 535 A.2d at 758.

In the present case, the Board found that the *Duffy* Court made no distinction between the time limitation found in Sections 301(c)(1) and 301(c)(2) and, in fact, addressed the death claim at issue in *Duffy* in terms of the general time limitations found in Section 301(c). Additionally, the Board found that the language in *Duffy* regarding the purpose of Section 301(c) was equally applicable to cases involving non-occupational disease type injuries when the decedent had been receiving total disability benefits from the date of his work-related injury until his death. We disagree.

The issue before this Court in *Duffy* was whether the death claim advanced by Mrs. Duffy was time barred under Section 301(c) of the Act. Because Mrs. Duffy's husband died from an occupational disease type injury, the specific section relied upon by this Court in making its determination was Section 301(c)(2). Consequently, this Court's

has never reviewed the situation raised by Toffalori, but without adjudging the merits of that case, we find it not controlling.... *Id.*, 454 Pa. at 168, 312 A.2d at 412–413 (emphasis in original).

analysis must be limited only to Section 301(c)(2) cases and cannot be extended to Section 301(c)(1) cases as the Board would like us to do.

Moreover, in *Duffy*, this Court recognized that the *Toffalori* exception applies only to Section 301(c)(2) cases, but not Section 301(c)(1) cases. *Id.*, 112 Pa.Commonwealth Ct. at 541–542 n. 7, 535 A.2d at 758 n. 7. Consequently, we hold that the *Duffy* case must be interpreted in a manner consistent with the Supreme Court's holding in *Kujawa.* Accordingly, there is no recovery for death occurring more than three hundred weeks after a non-occupational disease type injury.

Having found an error of law committed, we reverse the order of the Board.

### ORDER

AND NOW, this 15th day of March, 1990, the order of the Workmen's Compensation Appeal Board dated July 28, 1989, No. A–97750, is reversed.