717 A.2d 525

**Madeline SPORIO (Widow), Lawrence Sporio, Appellant,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD
(SONGER CONSTRUCTION) Appellee.**

Supreme Court of Pennsylvania.

Argued March 9, 1998.

Decided Sept. 1, 1998.

</div>

---

46

William R. Caroselli, Daniel K. Bricmont, Pittsburgh, for Madeline Sporio.

Lisa Lane, David F. Ryan, Pittsburgh, for Songer Const./Home Ins.

Stewart A. Karn, Pittsburgh, for Songer Const./Aetna Ins.

James R. Schmitt, Carnegie, for Henry Teichmann/American Motorist.

Vito Bochicchio, Pittsburgh, for Workmen's Ins. Fund/Songer Const.

Roy F. Walters, Pittsburgh, for Appellee.

Claudio J. DiPaolo, Pittsburgh, for State Workmen's Ins./Songer Const.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION

NIGRO, Justice.

The claim petitions of Appellant Madeline Sporio and her deceased husband Lawrence Sporio were denied under the Workers' Compensation Act, 77 P.S. § 411(2)(1992), based upon a finding that the claims did not satisfy the Act's disability and disease manifestation requirements. For the reasons discussed below, we find that Appellant is entitled to benefits and thus, we reverse.

Lawrence Sporio worked as a bricklayer for approximately twenty-five years. On June 17, 1983, he filed claim petitions against several employers, including Appellee Songer Construction, and alleged that he became disabled on May 25, 1983 as a result of an occupational disease. After a hearing, a referee found that Sporio was exposed to silica, asbestos, and other noxious dusts during his employment. Based upon the

medical testimony, the referee concluded that Sporio contracted mixed dust pneumoconiosis consisting of silicosis, asbestosis and industrial bronchitis. In a decision dated April 28, 1986, Sporio received partial disability benefits for mixed dust pneumoconiosis against General Electric Company, his last employer.[1]

In August of 1992, Sporio was hospitalized when he had trouble breathing and chest pain. He was diagnosed with a collapsed lung. During treatment for this condition, it was determined that Sporio had malignant mesothelioma, a cancer of the mesothelial tissue surrounding the lung, which is a rare disease with the exception of those exposed to asbestos.

In January of 1993, Sporio filed claim petitions against the same employers that he filed his mixed dust pneumoconiosis claim against in 1983. Sporio alleged that his exposure to asbestos at work caused him to develop malignant mesothelioma. The petitions alleged that the date of disability was September 10, 1992 and the date of last exposure was June of 1982. The employers filed answers denying Sporio's claims.

Sporio died before any hearings were held and in February of 1993, Appellant filed fatal claim petitions against the same employers. The fatal claim petitions alleged a date of injury of May 23, 1983, and alleged that Sporio's death resulted from respiratory failure due to malignant mesothelioma and pneumoconiosis. The employers filed answers denying Appellant's claims.

The claim petitions were consolidated and hearings were held before a Workers' Compensation Judge. In addition to other evidence, Appellant submitted the deposition of Sporio's treating physician, Dr. Emil Deliere. He testified that Sporio had mixed dust pneumoconiosis for many years. Dr. Deliere also stated that Sporio was diagnosed with malignant meso-

1. The Commonwealth Court ultimately reversed this award because the claim was not compensable against General Electric under the extraterritorial provisions of the Act. Sporio worked for General Electric in Kentucky. *General Electric v. W.C.A.B. (Sporio),* 150 Pa. Commw. 119, 123–24, 615 A.2d 833, 835 (1992), *appeal denied,* 533 Pa. 663, 625 A.2d 1196 (1993).

thelioma, which caused him to be totally disabled as of December 1, 1992. He testified that Sporio's mixed dust pneumoconiosis, a lung tissue disease, had little to do with the mesothelioma and they are not directly linked, though they share the common denominator of asbestos exposure.

The Workers' Compensation Judge found Appellant's witnesses credible and determined that Sporio was partially disabled from mixed dust pneumoconiosis from May 25, 1983 until December of 1992. He found that Sporio's last exposure to an asbestos hazard was on or about June 1, 1982, when he was working for Appellee Songer Construction Company. The Workers' Compensation Judge also found that Sporio became disabled as a result of malignant mesothelioma on December 1, 1992, and died of this disease on February 1, 1993.

While finding that Appellant met her burden of establishing Sporio's work-related injury, the Workers' Compensation Judge concluded that the injury is not compensable. He explained that the claims are based upon the disease malignant mesothelioma, which did not occur within three hundred weeks after Sporio's last date of exposure to asbestos, as required by the Workers' Compensation Act, 77 P.S. § 411(2). The Workmen's Compensation Appeal Board and the Commonwealth Court affirmed. This Court granted Appellant's petition for allowance of appeal to consider whether the claims at issue are compensable under Section 411(2).

In reviewing matters under the Workers' Compensation Act, this Court is limited to determining whether there was a violation of constitutional rights, whether there was an error of law, or whether there was substantial evidence to support the findings of fact. *Harper & Collins v. Workmen's Compensation Appeal Bd. (Brown)*, 543 Pa.484, 672 A.2d 1319, 1321 (1996). The Act is remedial in nature and its purpose is to benefit the workers of this Commonwealth. *Id.* The Act is to be liberally construed to effectuate its humanitarian objectives. *Id.* In addition, borderline interpretations of the Act are to be construed in the injured party's favor. *Id.*

50

■ The issue in this case is whether the claims of Appellant and Sporio are compensable under the disability and disease manifestation requirements in the Workers' Compensation Act. The Act requires that:

[W]henever occupational disease is the basis for compensation, for disability or death under this act, it shall apply only to disability or death resulting from such disease and occur- ring within three hundred weeks after the last date of employment in an occupation or industry to which he was exposed to hazards of such disease: And provided further, That if the employe's compensable disability has occurred within such period, his subsequent death as a result of the disease shall likewise be compensable.

77 P.S. § 411(2). Under this provision, an employee's disability due to an occupational disease must manifest itself within three hundred weeks of the employee's last exposure to hazards of the disease in order to be compensable. *Cable v. Workmen's Compensation Appeal Bd. (Gulf Oil/Chevron USA, Inc.)*, 541 Pa. 611, 615, 664 A.2d 1349, 1351 (1995)(plurality); *Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Bd. (Feiertag)*, 90 Pa. Commw. 567, 571, 496 A.2d 412, 415 (1985).

Pennsylvania appellate courts have stated that this requirement was intended to prevent stale claims, *Toffalori v. Donatelli Granite Co.*, 157 Pa.Super. 311, 315, 43 A.2d 584, 586 (1945), and prevent speculation over whether a disease is work-related years after an exposure occurred. *See Fornataro v. Workmen's Compensation Appeal Bd. (Cabot Corporation)*, 663 A.2d 854, 856 (Pa.Commw.1995)(upholding constitutionality of provision), *appeal denied*, 542 Pa. 677, 668 A.2d 1139 (1995); *Antonucci v. Workmen's Compensation Appeal Bd. (U.S. Steel Corp.)*, 133 Pa. Commw. 273, 283, 576 A.2d 401, 406 (1990)(upholding constitutionality of similar manifestation requirement for non-occupational disease injuries), *appeal denied*, 527 Pa. 651, 593 A.2d 423 (1991).

■ Similar to its treatment of lifetime claims, to recover death benefits under Section 411(2), an employee's death from

an occupational disease must occur within three hundred weeks after the employee's last exposure to the hazard if the employee did not file a lifetime claim. *Fortely v. Workmen's Compensation Appeal Bd. (J & L Steel Corp.)*, 117 Pa. Commw. 356, 361, 543 A.2d 1248, 1250 (1988); *Kilvady v. U.S. Steel Corp.*, 90 Pa. Commw. 586, 589–90, 496 A.2d 116, 119–20 (1985).[2] However, if the employee filed a lifetime claim, death benefits may be awarded even if the death occurs beyond the three hundred week period because the fatal claim is viewed as a continuation of the original claim. *Duffy v. City of Scranton/Fire Dep't*, 112 Pa. Commw. 537, 541, 535 A.2d 756, 758 (1988); *Toffalori v. Donatelli Granite Co.*, 157 Pa.Super. 311, 315, 43 A.2d 584, 585 (1945).

In *Duffy*, for example, a firefighter received disability benefits during his lifetime for coronary insufficiency and then died of this disease after the applicable time period had run. In awarding benefits to his widow, the court stated that the purpose of the statutory provision is to provide timely notice of disability or death. The court reasoned that the Bureau could not assert a failure of notice where it had been paying disability benefits for the same exposure for many years. 112 Pa. Commw. at 541–42, 535 A.2d at 758. *See also Toffalori*, 157 Pa.Super. 311, 43 A.2d 584 (widow awarded death benefits where husband received disability benefits during his lifetime for exposure to silicon dioxide and then died of silicosis after the manifestation time requirement passed).[3]

2. *Kilvady* and other cases cited below involved a similar requirement under the Occupational Disease Act, 77 P.S. § 1401(c). This provision has been construed consistently with Section 411(2) of the Workers' Compensation Act. *See, e.g., Fortely*, 117 Pa. Commw. 356, 543 A.2d 1248.

3. One Commonwealth Court decision appears to depart from these general rules. *See Penn Steel Foundry and Machine Co. v. Workmen's Compensation Appeal Bd. (Wagner)*, 122 Pa. Commw. 171, 551 A.2d 653 (1988)(allowing death benefits where death occurred more than three hundred weeks after last exposure, was disability occurred within three hundred weeks of last exposure, and there no lifetime claim). This case has been disapproved by one authority. *See* 1 Torrey and Greenberg, *Pennsylvania Workers' Compensation: Law and Practice* § 8:45 (1998). We need not address this apparent departure now, however, because it does not implicate the issue presently before the Court.

Appellant argues that like in *Duffy* and *Toffalori,* her husband received disability benefits for an asbestos-related occupational disease during his life. Since his death was also the result of an asbestos-related occupational disease, Appellant maintains that she satisfied the requirements of Section 411(2). Like the Workers' Compensation Judge, the Workmen's Compensation Appeal Board rejected this argument because Sporio suffered from mixed dust pneumoconiosis during his lifetime and ultimately died from mesothelioma, a different disease. It stated that the Act should not be broadly interpreted so that any type of disability resulting from an exposure to a hazard at work is compensable. The Commonwealth Court agreed that unless Sporio's mesothelioma is related to the condition for which he received benefits during his life, it is a new disease falling outside the three hundred week statutory period.

■ Appellant argues that the Commonwealth Court misapplied the statute by medically distinguishing the two asbestos-related diseases. In support, she states that the definition of an "occupational disease" in the Act includes "asbestosis and cancer resulting from direct contact with, handling, of, or exposure to the dust of asbestos in any occupation involving such contact, handling or exposure." 77 P.S. § 27.1(*l*). Appellant states that since Sporio received benefits for asbestosis during his lifetime, she is entitled to benefits for the asbestos-related cancer that caused his death. We agree. While asbestosis does not medically progress to cancer, the legislature's coupling of these two diseases together as an occupational disease supports a contemplation that both diseases would occur in workers exposed to asbestos and they should be treated as one occupational disease for purposes of workers' compensation benefits.[4]

4. Sporio's lifetime award of benefits for mixed dust pneumoconiosis was under the catch-all definition of occupational disease, 77 P.S. § 27.1(n), because it is not a specifically enumerated disease. However, the components of the disease, silicosis and asbestosis are enumerated at 77 P.S. § 27.1(k),(*l*). *See Songer Inc. v. Workmen's Compensation Appeal Bd. (Lynn),* 149 Pa. Commw. 578, 613 A.2d 658 (1992)(components of mixed dust pneumoconiosis, as enumerated in 27.1(k) and (*l*),

In addition, as discussed earlier, our appellate courts have stated that the purposes of Section 411(2) are to prevent stale claims and speculation over whether a disease is work-related years after an exposure occurred. Given his lifetime claim for mixed dust pneumoconiosis, Sporio's former employers and the Commonwealth were aware that he was injured as a result of his exposure to asbestos. Furthermore, it is undisputed that Sporio's mesothelioma resulted from his exposure to asbestos at work. Thus, awarding Appellant benefits where Sporio's death resulted from an asbestos-related cancer, and he received benefits based upon asbestosis while alive, does not impede the purposes of Section 411(2).[5]

■ Affording benefits also furthers the overall remedial purpose of the Workers' Compensation Act. The Act substitutes a quick and inexpensive scheme to provide compensation for work-related injuries in place of the common law process where the employee must sue the appropriate parties for damages. *See Hankee v. Wilkes–Barre/Scranton Int'l Airport*, 532 Pa. 494, 500, 616 A.2d 614, 616 (1992)(discussing general scheme of Act). Employers pay benefits at a set rate and they are immune from common-law liability. *See id.* Precluding Appellant from collecting death benefits goes against this remedial objective as Appellant is unable to pursue a remedy at common law.

■ We agree with the Workmen's Compensation Appeal Board that the Act should not be interpreted so that any disability resulting from exposure to a hazard at work is compensable regardless of when it manifests itself. However, given that the Act pairs asbestosis and cancer resulting from asbestos exposure as an occupational disease, and given the purposes of Section 411(2) and the Act's overall remedial

are considered when determining the employer that is liable for benefits).

5. To the contrary, to find otherwise seems absurd. Sporio was exposed to asbestos throughout his employment. He initially suffered from a lung disease as a result of this exposure. He then contracted a form of cancer related to the lung, which is very rare with the exception of those exposed to asbestos. Under these facts, there is no basis to apply the safeguard found in Section 411(2).

objective, we hold that under the facts of this case Appellant may collect benefits.

The decision of the Commonwealth Court is reversed.

ZAPPALA and CAPPY, JJ., concur in the result.