# Meyers, Appellant, v. Moxham Coal Co.

*Workmen's compensation — Death three hundred weeks after accident—Act of June 2, 1915, article III, section 301, P. L. 736— Constitutional law—Special and discriminatory legislation.*

1. No compensation can be recovered under the Act of June 2, 1915, P. L. 736, for the death of a workman, where the workman dies more than three hundred weeks after an accident.

2. The provision of article III, section 301, of the Act of June 2, 1915, P. L. 736, which provides that no recovery can be had for death occurring more than three hundred weeks after an accident, is not special and discriminatory legislation within the meaning of article III, section 21 of the Constitution.

3. As such provision of the act applies to individuals as well as to corporations, it cannot be classed as discriminatory.

Argued March 19, 1928. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 42, March T., 1928, by plaintiff, from judgment of C. P. Cambria Co., Sept. T., 1927, No. 384, affirming decision of Workmen's Compensation Board, in case of Margaret Meyers v. Moxham Coal Co. Affirmed. .

Appeal from decision of Workmen's Compensation Board. Before EVANS, P. J.

The opinion of the Supreme Court states the facts.

Decision affirmed. Claimant appealed.

*Error assigned,* inter alia, was judgment, quoting record.

*Edward J. Harkins,* for appellant.

*Francis A. Dunn,* for appellee.

PER CURIAM, April 9, 1928:

Claimant's husband, Nicholas Meyers, an employee of defendant company, was injured March 1, 1920, by falling from a coal car, while engaged at his work, and striking his head on a rail of an adjoining track. The injury received was quite severe, requiring hospital treatment for four weeks. The testimony shows that Meyers worked irregularly, following the accident, until shortly before his death, which occurred July 9, 1926, from "Jacksonian epilepsy" which disease, according to the testimony of the doctors called as witnesses, frequently follows a head fracture similar to that received by deceased.

The referee disallowed the claim because, the death of claimant's husband having resulted more than three hundred weeks after the accident, recovery was barred by article III, section 301, of the Workmen's Compensation Act of June 2, 1915, P. L. 736. The compensation board and the court below sustained the action of the referee in refusing an award to claimant, and this appeal followed.

The relevant portion of the section of the Compensation Act referred to, relied upon by the referee and the lower court, reads as follows: "and whenever death is mentioned as a cause for compensation under this act,......it shall mean only death resulting from such violence and its resultant effects and occuring within three hundred weeks after the accident." This language is plain and explicit, not in the least doubtful, and excludes, as it was certainly intended to do, from the provisions of the act, any claim for death from violence and its resultant effects occurring more than three hundred weeks after the accident. In considering this clause, in Smith v. The Primrose Tapestry Company, 285 Pa. 145, 147, we said, "Compensation is payable where death occurs within three hundred weeks of the

time of the accident, provided the testimony shows it was caused by the injury, or by reason thereof an incipient condition was hastened to development ending in loss." Here the death occurred more than three hundred weeks after the accident, consequently claimant's right to recover is barred. This limitation was undoubtedly intended to prevent stale claims and it was inserted for that purpose.

Plaintiff's contention that the clause of the act above referred to is in conflict with the provisions of the Constitution, cannot be sustained. We have examined the very full and carefully prepared brief of appellant's counsel and are not convinced that this portion of the act is "special and discriminatory." Article III, section 21, of the Constitution prohibits legislation prescribing "any limitations of time within which suits may be brought against corporations for injuries to persons or property, or for other causes, different from those fixed by general laws regulating actions against natural persons." This constitutional inhibition undoubtedly prohibits discriminatory legislation. The Workmen's Compensation Act of 1915, article III, section 31, involved in this case, applies to individuals as well as corporations, and cannot therefore be classed as discriminatory.

Judgment affirmed.