**Swerdon v. Lycoming Construction Company and Travelers Insurance Company, Insurance Carrier.**

Argued October 8, 1971, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*Martin J. O'Donnell*, with him *James V. Senape, Jr.*, for appellant.

*S. Keene Mitchell, Jr.,* with him *Bedford, Walter, Griffith, Darling & Mitchell,* for appellees.

PER CURIAM OPINION, December 17, 1971:

This appeal is from an order of the Court of Common Pleas of Luzerne County affirming an order of the Workmen's Compensation Board dismissing a fatal claim petition.

We have reviewed the record and adopt the comprehensive opinion of Judge ROBERT J. HOURIGAN, following:

"Joseph Swerdon, claimant's husband, was injured on July 29, 1959. He died on July 25, 1967. He had filed a claim petition during his lifetime and was awarded compensation for total disability during his lifetime, which benefits were received by him to the date of his death.

"The widow petitioned for compensation on behalf of herself and her two minor children. The referee denied compensation to the widow, but allowed it to the two minor children. The widow appealed to the Workmen's Compensation Board who upheld the referee's denial of the widow's claim, but reversed the referee's award to the children. This appeal followed.

"The question presented to the Court deals with the interpretation of §301(c) of the Workmen's Compensation Act, 77 P.S. 411, and can be phrased as follows: Is a claim for compensation by a widow and minor children of an employee who was receiving total disability to the date of his death, but died more than three hundred weeks after the injury giving rise to the compensation, barred by §301(c) of the Workmen's Compensation Act?

"Section 301(c) states in part: '. . . and wherever death is mentioned as a cause for compensation under this act, it shall mean only death resulting from such

violence and its resultant effects, and occurring within three hundred weeks after the accident.'

"The only appellate case interpreting §301(c) of the Workmen's Compensation Act is Meyers v. Moxham Coal Co., 293 Pa. 7 (1928). Therein the Court said, 'This language is plain and explicit, not in the least doubtful, and excludes, as it was certainly intended to do, from the provisions of the act, any claim for death from violence and its resultant effect occurring more than three hundred weeks after the accident.'

"The claimant relies heavily on Toffalori v. Donatelli Granite Company, 157 Pa. Superior Ct. 311 (1945), a case under the Occupational Disease Act. She argues that as there, her claim is merely a continuation of the benefits payable to the decedent during his lifetime. A close reading of the case and §301 of the Occupational Disease Act reveals that this position is untenable.

"§301 Occupational Disease Act, 77 P.S. 1401(2) (c) reads in part: 'Wherever compensable disability or death is mentioned as a cause for compensation under this act, it shall mean only compensable disability or death resulting from occupational disease and occurring within three years (now four) after the date of his last employment in such occupation or industry.'

"In interpreting this action the Court in Toffalori said, 'The present petition was in effect a claim for *continuation* of the payment of compensation that had already been awarded for total disability. The award made on this petition was not based upon the death of decedent; death was not the "cause for compensation." The award was merely an order to pay the balance of the compensation due to the decedent's dependent widow.' (Emphasis ours.)

"In our case no such construction can be made. The words 'compensable disability' do not appear in §301(c) of the Workmen's Compensation Act. The widow's claim cannot be construed as a continuation of the pay-

ments already awarded. The widow's claim is an independent action and not a derivative claim. Personal injury claims and death claims constitute independent and separate cases. Segal v. Segal, 201 Pa. Superior Ct. 367 (1963). Furthermore, there is no provision allowing payment of the balance of the compensation due to decedent's dependent widow, as was done in Toffalori.

"Both the widow's claim and the children's claim are founded on death. Such claims are valid only where the death alleged as a cause for compensation has occurred within the three hundred week period. The cause for compensation being death, the claim is barred by §301(c)."

This appeal is dismissed and the order of the lower court is affirmed.