## Kujawa *v.* Latrobe Brewing Co.

Argued February 25, 1972, before Judges Kramer, Mencer and Blatt, sitting as a panel of three.

William C. Stillwagon, with him Boyle, Nakles, Reeves & Stillwagon, for appellant.

H. Reginald Belden, with him Stewart, Belden, Sensenich and Herrington, for appellee.

OPINION BY JUDGE BLATT, March 28, 1972:

This is an appeal from an order of the Court of Common Pleas of Westmoreland County, which affirmed an order of the Workmen's Compensation Board dismissing a fatal claim petition.

The appellant's husband was an employee of the Latrobe Brewing Company when he suffered a disabling injury February 8, 1961. He received workmen's compensation for the injury from March 25, 1961 until his death on March 28, 1968, and it is undisputed that his death was directly attributable to the accident. The death occurred, however, more than 300 weeks after the accident and the Board held, therefore, that Section 301(c)[1] of the Workmen's Compensation Act prohibited payment of any benefits.

In Meyers v. Moxham Coal Co., 293 Pa. 7, 141 A. 643 (1928), the Court held that Section 301(c) was to be strictly interpreted, and that any claim for a death occurring more than 300 weeks after the accident would not be permitted. The appellant here urges, however,

---

[1] Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §411.

". . . wherever death is mentioned as a cause for compensation under this act, it shall mean only death resulting from such violence and its resultant effects, and occurring within three hundred weeks after the accident."

that *Toffalori v. Donatelli Granite Co.*, 157 Pa. Superior Ct. 311, 43 A. 2d 584 (1945), and subsequent Superior Court cases have limited the effect of the *Meyers* decision. *Toffalori* interpreted Section 301 of the Occupational Disease Act,[2] which is very similar to Section 301(c) of the Workmen's Compensation Act. It permitted recovery for a death which was caused by an occupational disease but which occurred more than three years (now four) after the date of last employment in such occupation, if compensation was being paid in the interim.

The appellant has presented a very persuasive argument, and it is impossible not to be sympathetic with her plight, but this Court, in *Swerden v. Lycoming Construction Company and Travelers Insurance Company, Insurance Carrier,* 3 Pa. Commonwealth Ct. 534, 284 A. 2d 854 (1971), has recently been confronted with this exact issue and has chosen to uphold *Meyers, supra.*

In *Toffalori, supra,* it was held that the death claim was for a continuation of the occupational disease compensation payments which had already been awarded for total disability, and that the death was not the basis for the award, but was merely an event requiring the payment of the balance of the occupational disease compensation due to the decedent's widow. In *Swerden, supra,* however, the Court quoted with approval the comment of Judge HOURIGAN of the Court of Common Pleas of Luzerne County, the author of the lower court's opinion in that case:

---

[2] Act of June 21, 1939, P. L. 566, No. 284, as amended, 77 P.S. §1401(c).

". . . Wherever compensable disability or death is mentioned as a cause for compensation under this act, it shall mean only compensable disability or death resulting from occupational disease and occurring within four years after the date of his last employment in such occupation or industry."

" 'In our case no such construction can be made. The words "compensable disability" do not appear in §301(c) of the Workmen's Compensation Act. The widow's claim cannot be construed as a continuation of the payments already awarded. The widow's claim is an independent action and not a derivative claim. Personal injury claims and death claims constitute independent and separate cases. Segal v. Segal, 201 Pa. Superior Ct. 367 (1963). Furthermore, there is no provision allowing payment of the balance of the compensation due to decedent's dependent widow, as was done in Toffalori.

" 'Both the widow's claim and the children's claim are founded on death. Such claims are valid only where the death alleged as a cause for compensation has occurred within the three hundred week period. The cause for compensation being death, the claim is barred by §301(c).' " 3 Pa. Commonwealth Ct. at 536-537, 284 A. 2d at 856.

We, therefore, dismiss the appeal and affirm the order of the lower court.