## Kujawa, Appellant, *v.* Latrobe Brewing Company.

Argued September 26, 1973. Before JONES, C. J., EAGEN, O'BRIEN, POMEROY, NIX and MANDERINO, JJ.

*William C. Stillwagon,* for appellant.

*H. Reginald Belden,* with him *Stewart, Belden, Sensenich and Herrington,* for appellee.

OPINION BY MR. CHIEF JUSTICE JONES, November 26, 1973:

Appellant's husband, William Kujawa, suffered an injury in the course of his employment with Latrobe Brewing Company on February 8, 1961, and was paid compensation for total disability from March 25, 1961 until his death on March 26, 1968. On May 7, 1968, Kujawa's widow, the appellant herein, filed a fatal claim petition for an award pursuant to the Pennsylvania Workmen's Compensation Act. The referee granted appellee's motion to dismiss on the ground that there can be no recovery for death occurring more than 300 weeks after an accident. The Workmen's Compensation Board affirmed this decision. On appeal to the Court of Common Pleas of Westmoreland County, the court

en banc affirmed the decision of the Workmen's Compensation Board and dismissed the claimant's appeal. Appeal was then taken to the Commonwealth Court, which also dismissed the appeal and affirmed the disallowance of compensation.

This case involves the narrow issue of whether Mrs. Kujawa's claim is barred by Section 301(c) of the Workmen's Compensation Act, which provides in part: "wherever death is mentioned as a cause for compensation under this act, it shall mean only death resulting from such violence and its resultant effects, and occurring within three hundred weeks after the accident."[1] This issue has previously been before this Court in *Meyers v. Moxham Coal Co.*, 293 Pa. 7, 141 A. 643 (1928). We allowed an appeal in this case, however, to re-evaluate our holding in *Meyers* in light of more recent decisions by the Superior Court interpreting the corresponding section of the Occupational Disease Act.[2]

In *Meyers,* this Court held that the language of Section 301(c) was "plain and explicit, not in the least doubtful and excludes, as it was certainly intended to do, from the provisions of the act, any claims for death . . . occurring more than three hundred weeks after the accident." 293 Pa. at 8, 141 A. at 644.

Appellant contends that this Court's holding in *Meyers* has been modified by *Toffalori v. Donatelli Granite Co.*, 157 Pa. Superior Ct. 311, 43 A. 2d 584 (1945), and subsequent Superior Court cases.[3] *See, e.g.,*

---

[1] Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §411.

[2] Act of June 21, 1939, P. L. 566, No. 284, *as amended,* 77 P.S. §1401(c), which provides in part: "Wherever compensable disability or death is mentioned as a cause for compensation under this act, it shall mean only compensable disability or death resulting from occupational disease and occurring within four years after the date of his last employment in such occupation or industry."

[3] This contention has twice been raised before the Commonwealth Court and twice rejected. *See Kujawa v. Latrobe Brewing*

*Kugris v. Hammond Coal Co.*, 174 Pa. Superior Ct. 376, 101 A. 2d 155 (1953). In *Toffalori,* the Superior Court interpreted Section 301 of the Occupational Disease Act, note 2 *supra,* to permit recovery for a death which resulted from an occupational disease, but which occurred more than three years (now four) after the last date of employment, where compensation had been paid to the decedent during his lifetime. The theory was that the claim in that case was for a continuation of the compensation payments which had already been awarded for total disability,[4] and that death was not the *basis* of the award, but merely an *event* requiring payment of the balance of the compensation due the decedent.

Appellant urges that the rationale of *Toffalori* should apply to the instant case, since here as in *Toffalori* the decedent was receiving disability compensation payments prior to his death, whereas such was not the case in *Meyers.* This Court has never reviewed the situation raised by *Toffalori,* but without adjudging the merits of that case, we find it not controlling and affirm the decision of the Commonwealth Court.

Under the Workmen's Compensation Act a surviving widow has two bases for a compensation claim. One is under Section 306(g) of the Act, 77 P.S. §541, which provides in part:

"Should the employe die from some other cause than the injury, payments of compensation to which the

---

Co., 4 Pa. Commonwealth Ct. 599, 288 A. 2d 847 (1972) ; *Swerdon v. Lycoming Construction Co.,* 3 Pa. Commonwealth Ct. 534, 284 A. 2d 854 (1971).

[4] The Superior Court in cases subsequent to *Toffalori* has denied the widow's claim for compensation under the Occupational Disease Act where death resulted after three years and the decedent had not commenced a valid claim in the interim. *See, e.g., Schrum v. Atlantic Crushed Coke Co.,* 186 Pa. Superior Ct. 377, 142 A. 2d 792 (1958) ; *Wonderlick v. The Philadelphia & Reading Coal and Iron Co.,* 170 Pa. Superior Ct. 65, 84 A. 2d 233 (1951). *See, also, Moore v. Dodge Steel Co.,* 206 Pa. Superior Ct. 242, 213 A. 2d 130 (1965).

deceased would have been entitled to [sic] under section 306(c)(1) to (25) [77 P.S. §513] shall be paid to the following persons who at the time of death of the deceased were dependents within the definition of clause (7) of section 307 [77 P.S. §§542, 561, 562 and 581] and in the following order and amounts:

"To the surviving widow. . . ." The second basis for a widow's compensation claim is provided under Section 307 of the Act, 77 P.S. §561, which provides in part:

"In the case of death, compensation shall be computed on the following basis and distributed to the following persons:

. . .

"2. To the widow. . . ."

At the death of appellant's husband, he was not receiving nor entitled to compensation for scheduled injuries listed in Section 306(c), thereby precluding Section 306(g) of the Act as a basis for recovery by his widow.[5] Nor can the widow's claim in this case in any way be construed to be a continuation of the workmen's compensation payments which had been awarded appellant's husband for total disability because that award, being for the balance of the decedent's life, was extinguished by his death. It is therefore clear that appellant's right to compensation must be founded upon Section 307 of the Act.

The right to compensation conferred by Section 307 has always been held by the courts of this Commonwealth to be in the nature of a death action with "death as [the] cause for compensation." *See, e.g., Segal v. Segal*, 201 Pa. Superior Ct. 367, 191 A. 2d 858 (1963).

---

[5] Had this been the case, the widow's claim would have been for a continuation of payments awarded to her husband. In that case death would not have been the basis of the award *to the widow* but the precipitating event.

Our courts have also held that the right of a widow to compensation is a separate cause of action, independent of and not derivative from the right of the deceased employee. *Wilson v. United News Transportation Co.*, 215 Pa. Superior Ct. 317, 261 A. 2d 338 (1969) ; *Swerdon v. Lycoming Construction Co.*, 3 Pa. Commonwealth Ct. 534, 284 A. 2d 854 (1971). If a dependent's claim under Section 307 is not viewed as one predicated on the *death* of the deceased employee, the provision of Section 301(c) requiring a compensable death to occur within three hundred weeks would be rendered nugatory.

Since the appellant's claim is founded on her husband's death and that death occurred more than three hundred weeks after the accident, the clear language of Section 301(c) requires that this claim be barred.[6]

Order affirmed.

Mr. Justice ROBERTS took no part in the consideration or decision of this case.

---

[6] In *Burne v. Franklin Life Insurance Co.*, 451 Pa. 218, 301 A. 2d 799 (1973), a majority of this Court held unenforceable as contrary to public policy a provision in a life insurance policy that accidental, double indemnity, death benefits would be payable only if death occurred within ninety days from the date of accident. The holding and reasoning of that case, however, are inapposite here where a statutory rather than contractual provision is involved.