**FRANK BRYAN, INC. and Zurich North America Insurance Company, Petitioners**

v.

**WORKERS' COMPENSATION APPEAL BOARD, (BRYAN, DEC.D.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 7, 2007.

Decided April 5, 2007.

---

Robert J. Pasquarelli, Pittsburgh, for petitioner.

Samuel J. Pasquarelli, Pittsburgh, for respondent.

BEFORE: LEADBETTER, President Judge, McGINLEY, Judge, SMITH–RIBNER, Judge, PELLEGRINI, Judge, FRIEDMAN, Judge, COHN JUBELIRER, Judge, and LEAVITT, Judge.

OPINION BY Judge McGINLEY.

Frank Bryan, Inc. (Employer) and Zurich North America Insurance Company (Insurer) petition for review from the order of the Workers' Compensation Appeal Board (Board) which affirmed the Workers' Compensation Judge's (WCJ) denial of the Employer's Petition to Review Workers Compensation Benefit Offset (review petition). The review petition sought an offset of fatal claim benefits pursuant to Jean Bryan's (Mrs. Bryan) receipt of social security old age benefits.

Thomas Bryan (the Decedent) was killed in the course of his employment when he fell from a crane on April 3, 1998. Decedent was 68 years of age and was survived by his wife, Mrs. Bryan, who was over 65 years of age at the time of her husband's death. Neither the Decedent nor Mrs. Bryan received social security old age benefits at the time of the fatal accident.

On account of Decedent's death, Mrs. Bryan was paid weekly compensation benefits pursuant to an agreement of compensation of death dated July 20, 1998. The Decedent's weekly benefit rate was $561.00 per week. In addition, Mrs. Bryan received social security old age benefits beginning in October 2002, based on her status as surviving widow of Decedent. The amount of social security old age benefits received by Mrs. Bryan was as follows:

October, 2001 to November, 2001
$1564.00 per month $\times$ 12 $\div$ 52 = $360.92 per week

December, 2001 to November, 2002
$1605.00 per month $\times$ 12 $\div$ 52 = $370.38 per week

December, 2002 to date
$1,627.00 per month $\times$ 12 $\div$ 52 = $375.26 per week

Employer filed a review petition on October 4, 2002, which sought an offset of Mrs. Bryan's social security old age benefits against her workers' compensation fatal claim benefits pursuant to the offset provisions of the Workers' Compensation Act (Act)[1]. The review petition was contested by Mrs. Bryan.

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4; 2501–2626.

In a decision circulated July 12, 2004, the WCJ dismissed Employer's review petition, determined that a reasonable contest did not exist and directed Employer to pay attorney's fees of $1700. The WCJ found that:

10. ... Section 204(a) [of the Act, 77 P.S. § 71], provides: "Fifty per centum of the benefits commonly characterized as 'old age' benefits under the Social Security Act (49 Stat. 620, 42 U.S.C. 302 et seq.) shall also be credited against the amount of the payments made under sections 108 [of the Act, 77 P.S. § 27.1] and 306 [of the Act, 77 P.S. § 511], except for benefits payable under section 306(c): Provided, however, that the Social Security offset shall not apply if old age Social Security benefits were received prior to the compensable injury."

11. Section 108 [of the Act, 77 P.S. § 27.1] relates to occupational disease and is not applicable to this case. Section 306 [of the Act, 77 P.S. § 511] applies to payments for total and partial disability and Section 306(c) [of the Act, 77 P.S. § 513] applies to specific loss. The provisions of Section 204(a) [of the Act, 77 P.S. § 71(a)], which provides for the Social Security offset, makes no mention of benefits payable under Section 307 of the Act [77 P.S. §§ 561, 581].

12. Mrs. Bryan is receiving payments under Section 307 [of the Act, 77 P.S. §§ 561, 581], relating to persons entitled to compensation on the death of an employee as a surviving widow.

13. The defendant employer bears the burden of proof in this review proceeding. Defendant has not sustained its burden of proof because it cannot show that the social security offset applies to benefits received by a widow due to the death of her spouse in the course of his employment. The language under Section 204 [of the Act, 77 P.S. § 71] is clear and unambiguous and does not require interpretation. There is no statutory language which provides for an offset of Social Security benefits paid to a surviving widow paid under the provisions of Section 307 of the Pennsylvania Workers' Compensation Act [77 P.S. §§ 561, 581].

14. The claimant [Mrs. Bryan] has a written fee arrangement with his [her] attorney providing for the payment of counsel fees at the rate of $125.00 per hour, which agreement is approved and which hourly rate is found to be reasonable. Claimant's counsel has submitted a billing statement which specified a fee of $1,700.00. Said fee is reasonable and is approved.

. . . .

16. Defendant employer has not established a reasonable contest in this matter as there is [no] statutory language to support a finding that the offset provisions of Section 204 [of the Act, 77 P.S. § 71] apply to benefits payable under Section 307 of the Act [77 P.S. §§ 561, 581].

Decision the WCJ, July 7, 2004, Finding of Fact Nos. 10–14, 16. On appeal, the Board affirmed. Thereafter, Employer petitioned this Court for review.[2]

Employer contends that the Board erred when it affirmed the WCJ's conclusion that: the offset provisions, Section 204(a) of the Act, 77 P.S. § 71(a), did not apply to fatal claim benefits received by a widow pursuant to Section 307 of the Act, 77 P.S.

2. This Court's review is limited to a determination of whether there has been a violation of constitutional rights, errors of law committed, or whether necessary findings of fact are supported by substantial evidence. *Bureau of Workers' Compensation v. Workers' Compensation Appeal Board (Consol.Freightways, Inc.)*, 876 A.2d 1069 (Pa.Cmwlth.2005).

§§ 561, 581; when it failed to apply the Statutory Construction Act[3] to aid in the interpretation of the offset provisions; and when it determined that Employer did not have a reasonable basis for contest and assessed attorney's fees.[4]

Employer contends that Section 204(a) of the Act, 77 P.S. § 71(a), was enacted to prevent a double or duplicate recovery for one wage loss and to prevent workers' compensation benefits from becoming a supplement to retirement benefits. For example, Employer argues that an employee who incurs wage loss due to physical disability, old age or economic unemployment should not receive three sets of wage loss benefits at the same time and thereby recover more than he actually earned before he suffered the wage loss. *Arthur Larson Workers' Compensation Law: Cases, Materials, and Text,* Section 97.10 (2d Ed. 1992). Instead, the employee should recover one wage loss replacement benefit to replace the one wage lost due to disability, old age or economic unemployment.

Employer contends that the legislature clearly intended to extend the offset to fatal claim benefits upon receipt of social security old age benefits despite its absence from Section 204(a) of the Act, 77 P.S. § 71(a). Additionally, Employer asserts that this intent extended to the spouse of a deceased worker who subsequently qualified for social security old age benefits earned by her husband.

■ The objective of statutory construction is to determine the intent of the General Assembly. 1 Pa.C.S. § 1921(a). The best indication of legislative intent is the plain language of the statute. *Gilmour*

*Manufacturing,* 573 Pa. at 148, 822 A.2d at 679. It is well settled that when the words of a statute are clear and unambiguous, they are "not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b); *Pennsylvania School Boards Ass'n, Inc. v. Commonwealth, Public School Employees' Retirement Board,* 580 Pa. 610, 863 A.2d 432 (2004). ("Where the words of a statute are clear and free from ambiguity the legislative intent is to be gleaned from those very words.") Furthermore, the "words and phrases [of a statute] shall be construed according to rules of grammar and according to their common and approved usage." 1 Pa.C.S. § 1903(a). It is only when the words of the statute are not explicit that the court should seek to determine the General Assembly's intent through consideration of statutory construction factors. 1 Pa.C.S. § 1921(c). When ascertaining the intent of the General Assembly, this Court is mindful that it "does not intend a result that is absurd, impossible of execution or unreasonable" and finally, that the courts are not in the business of adding provisions to statutes, except in those cases where obvious ambiguity shows that something intended to be included was omitted. 1 Pa.C.S. § 1922(1); *Estate of Holton,* 399 Pa. 241, 159 A.2d 883 (1960).

■ Section 204(a) of the Act, 77 P.S. § 71(a), plainly provides that social security old age benefits shall be credited "against the amount of payments made under Sections 108 [of the Act, 77 P.S. § 27.1, occupational disease] and 306 [of the Act, 77 P.S. § 511, total and partial disability payments], except for benefits payable under Section 306(c) [of the Act,

---

**3.** Statutory Construction Act of 1972, 1 Pa. C.S. §§ 1501–1991.

**4.** Where the question is one of statutory construction this Court's review is plenary as it

poses a pure issue of law. *Commonwealth v. Gilmour Manufacturing Co.,* 573 Pa. 143, 822 A.2d 676 (2003).

77 P.S. § 513, specific loss]...." There is absolutely no mention of fatal claim benefits received pursuant to Section 307 of the Act, 77 P.S. §§ 561, 581, in Section 204(a) of the Act, 77 P.S. § 71(a). The statute's affirmative language commands which payments under the Act must be credited against the receipt of social security old age benefits. There is no ambiguity in the statute. Therefore, the plain language controls and it will not be ignored in pursuit of the statute's alleged contrary spirit or purpose as Employer suggests.[5] Accordingly, Section 204(a) of the Act, 77 P.S. § 71(a), does not apply to the receipt of fatal claim benefits received pursuant to Section 307 of the Act, 77 P.S. §§ 561, 581.

Employer also alleges that the United States government would offset the receipt of social security old age benefits against the workers' compensation fatal claim benefits, if the Commonwealth does not take an offset. Employer contends that under Section 224 of the Social Security Act, 42 U.S.C. § 424(a), the federal government would offset social security old age benefits if the sum of the social security benefit plus any disability insurance benefit exceeded 80% of the recipient's average current earnings, unless there was a state offset provision. 42 U.S.C. § 424a. This Court does not agree.

The federal statute Employer cites provides a reduction for disability benefit payments or a combination of disability and retirement benefits and does not include a reduction for state paid workers' compensation benefits or fatal claim benefits.

Moreover, any reduction does not extend to the amount of social security old age benefits a spouse receives as her own benefit payment merely because the payment derived from her deceased husband.[6] Accordingly, this argument is without merit.

Finally, Employer contends that the Board erred when it affirmed the WCJ's determination that Employer did not have a reasonable basis for contest and assessed attorney's fees. Employer argues that the issue in this case was one of first impression because the Act was silent on the offset issue.

Section 440(a) of the Act, 77 P.S. § 996(a), provides:

> In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, that cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

---

**5.** Moreover, this Court notes Section 123.4 of the Department of Labor and Industry's regulations, 34 Pa.Code § 123.4, which states:

. . . .

(1) The offset applies only to wage-loss benefits (as opposed to medical benefits, specific loss or **survivor benefits**).

. . . .

(Emphasis Added).

**6.** Under Section 202 of the Social Security Act, 42 U.S.C. § 402(b)(1)(D), a surviving widow is given the option of choosing a benefit equal to the greater of one half of her deceased husband's earnings, or the full amount of benefits computed with reference to her own earnings.

 Under Section 440 of the Act, 77 P.S. § 996, the award of attorney's fees is the rule in workers' compensation cases. Exclusion is the exception, to be applied where the record establishes that the employer's contest is reasonable. *Cunningham v. Workmen's Compensation Appeal Board (Franklin Steel Co.).,* 159 Pa. Cmwlth.622, 634 A.2d 267, 269 (1993). The employer has the burden of presenting sufficient evidence to establish a reasonable basis for its contest. *Id.* Reasonableness is a question of law subject to our review. *Id.* Moreover, this Court has held that where the evidence lends itself to contrary inferences or where there is conflicting evidence as to material facts, the contest may be adjudged "reasonable". *Ball v. Workmen's Compensation Appeal Board,* 19 Pa.Cmwlth. 157, 340 A.2d 610 (1975).

Here, the WCJ and the Board determined that there was no statutory basis for Employer's claim, therefore the contest was unreasonable. This Court agrees. While there has been no appellate review of whether the receipt of social security old age benefits offset the receipt of fatal claim benefits prior to this present review the wording of the statute is clear and unambiguous. In addition, the Department regulations clearly indicate that the offset does not apply to survivor benefits. Because employer did not present any evidence to establish that its contest was reasonable, it failed to meet its burden. *Boothman v. Workmen's Compensation Appeal Board (City of Philadelphia),* 74 Pa.Cmwlth. 234, 459 A.2d 1317 (Pa. Cmwlth.1983). The WCJ did not err when he ordered the award of attorney's fees.

Accordingly, this Court affirms.

### ORDER

AND NOW, this 5th day of April, 2007, the order of the Board is affirmed. Sec-tion 204(a) of the Act, 77 P.S. § 71(a), does not apply to the receipt of fatal claim benefits awarded pursuant to Section 307 of the Act, 77 P.S. §§ 561, 581. Employer's contest was unreasonable.

President Judge LEADBETTER and Judge LEAVITT dissent.