**ALLEGHENY LUDLUM
CORPORATION,**
Petitioner

v.

**WORKERS' COMPENSATION AP-
PEAL BOARD (Michael CARNEY,
deceased, Pamela Carney, widow), Re-
spondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 4, 2007.

Decided May 31, 2007.

Lawrence J. Baldasare, Pittsburgh, for petitioner.

Daniel K. Bricmont, Pittsburgh, for respondent.

BEFORE: SMITH–RIBNER, Judge, and PELLEGRINI, Judge, and LEAVITT, Judge.

OPINION BY Judge PELLEGRINI.

Allegheny Ludlum Corporation (Employer) appeals from an order of the Workers' Compensation Appeal Board (Board) affirming the decision of the Workers' Compensation Judge (WCJ) granting the review offset petition filed by Pamela Carney (Claimant) on behalf of Michael Carney (Decedent).

Decedent died on August 24, 2004, in the course of his employment with Employer. Employer entered into an agreement for compensation for death with Claimant for weekly compensation death benefits of $690 to be paid to Claimant and the two children of Decedent.[1] Claimant also began receiving pension benefits from Employer for $1,881.25 per month as Decedent's surviving spouse.

On June 16, 2005, Employer filed a notice of workers' compensation benefit offset notifying Claimant that it was going to begin taking an offset of $433.47 per week received as pension benefits against the compensation death benefits reducing those benefits to $256.53 per week. Claimant filed a review offset petition alleging that the pension offset taken against the compensation death benefits she was receiving was improper. Employer filed an answer denying the allegations set forth in Claimant's petition.

---

1. A fatal claim petition was also filed, but is    not at issue in this appeal.

Before the WCJ, it was undisputed that Employer fully funded Decedent's pension fund. Employer offered a record of the pension benefit distributions owed to Claimant that indicated she would receive Decedent's full pension benefits for five years. Then, on September 1, 2009, the benefits would be lowered to Claimant's benefit amount until she reached the age of 60. At that time, Claimant would become eligible to receive Decedent's surviving spouse Social Security benefits, and the pension benefit would decrease accordingly.

The WCJ granted Claimant's offset petition finding that Employer was not entitled to a pension benefit offset from the compensation death benefits being paid to Claimant and her children because an offset for a death benefit had no basis in the case law, the Pennsylvania Workers' Compensation Act (Act),[2] or its accompanying regulations. The WCJ relied on Section 204(a) of the Act, 77 P.S. § 71(a), which provides, in relevant part:

> [T]he benefits from a pension plan to the extent funded by the employer directly liable for the payment of compensation **which are received by an employee** shall also be credited against the amount of the award made under sections 108 (relating to occupational diseases) and 306 (relating to total disability), except for benefits payable under section 306(c) [relating to specific loss benefits]. (Emphasis added.)

Because this section only allows for an offset when the benefits are received by an employee and Claimant was not an employee, the WCJ did not allow the offset. Additionally, the regulation found at 34

Pa.Code § 123.4(a)(1) provides: "The offset applies only to wage-loss benefits (as opposed to medical benefits, specific loss or survivor benefits)." The WCJ determined that an offset was only appropriate when taken against wage-loss benefits and not survivor benefits being received by an employee, which was not the case here. The WCJ went on to state that in *Kujawa v. Latrobe Brewing Co.*, 454 Pa. 165, 312 A.2d 411 (1973), our Supreme Court noted that death benefits were independent of and not derivative from the right of a decedent's benefits. "Thus, due to the nature of the claimant's relationship to the defendant, the type of benefit being received, and the fact that the widow's right to benefits is not derivative of the deceased's rights to benefits, the defendant is not entitled to an offset." (WCJ's August 30, 2005 decision at 3.) Employer appealed to the Board, which affirmed, and this appeal followed.[3]

Employer makes the same argument on appeal as it did before the Board. It contends that by disallowing the offset, Claimant will receive more per year than Decedent would have if he had survived the August 24, 2004 accident. It argues that by disallowing the offset, Claimant will receive $4,871.25 per month or $58,455 per year in combined death benefits and pension benefits from Employer. If Decedent had survived, his workers' compensation benefits would have been offset by his pension benefits, and he would have been entitled to $2,992.88 per month or $35,914.56 per year in combined workers' compensation and pension benefits. Claimant, as a widow, receives $1,878.37

---

**2.** Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4; 2501–2626.

**3.** Our scope of review of the Board's decision is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Schemmer v. Workers' Compensation Appeal Board (U.S.Steel),* 833 A.2d 276 (Pa.Cmwlth.2003).

more per month or $22,540.44 more per year than Decedent would have received if he had survived.

Employer explains that the legislature amended the Act with Section 204(a) as part of Act 57 to allow for an offset for pension payments against workers' compensation benefits to eliminate this type of "double recovery" being made by Claimant to respond to the rising cost of workers' compensation claims and workers' compensation insurance premiums. It directs our attention to Section 204(a) of the Act and points out that it allows credit against benefits for death benefits under Section 307 of the Act[4] when discussing social security benefits, but is silent on the issue when discussing pension benefits. Based on the rules of statutory construction, Employer contends that Section 204(a) of the Act is ambiguous and requires this Court to resolve the matter in its favor.

Claimant, on the other hand, argues that Section 204(a), by its express language, is not ambiguous and does not provide Employer with a right to reduce a widow's death benefits in this case because they are being paid pursuant to Section 307 of the Act and not Sections 108 or 306. She contends that Employer is essentially asking this Court to amend Section 204(a) to reduce the benefits payable to a surviving spouse who is also eligible to receive pension payments earned by her deceased husband, and it is outside the Court's authority to do so.

The entire portion of Section 204(a) of the Act reads as follows:

(a) No agreement, composition or release of damages made before the date of any injury shall be valid or shall bar a claim for damages resulting therefrom; and any such agreement is declared to be against the public policy of this Commonwealth. The receipt of benefits from any association, society, or fund shall not bar the recovery of damages by action at law, nor the recovery of compensation under article three thereof; and any release executed in consideration of such benefits shall be void; Provided however, That if the **employe receives unemployment compensation benefits, such amount or amounts so received shall be credited as against the amount of the award made under the provisions of** sections 108 and 306, except for benefits payable under section 306(c) [relating to specific loss benefits] **or 307 [relating to death benefits].** Fifty per centum of the benefits commonly characterized as "old age" benefits under the Social Security Act (49 Stat. 620, 42 U.S.C. § 301 et seq.) shall also be credited against the amount of the payments made under sections 108 and 306, except for benefits payable under section 306(c): Provided, however, That the Social Security offset shall not apply if old age Social Security benefits were received prior to the compensable injury. The severance benefits paid by the employer directly liable for the payment of compensation and **the benefits from a pension plan to the extent funded by the employer directly liable for the payment of compensation which are received by an** *employe* **shall also be credited against the amount of the award made under sections 108 and 306, except for benefits payable under section 306(c).** The employe shall provide the insurer with proper authorization to secure the amount which the employe is receiving under the Social Security Act. (Emphasis added.)

This Court recently addressed a similar question regarding Section 204(a), but it

4. 77 P.S. §§ 561, 581.

dealt with social security benefits rather than pension benefits. In *Frank Bryan, Inc. v. Workers' Compensation Appeal Board (Bryan, Deceased)*, 921 A.2d 546 (Pa.Cmwlth.2007), the deceased (age 68) had been employed by Frank Bryan, Inc. (the employer), and the widow (age 65) was receiving weekly compensation benefits and social security benefits. The employer filed a review petition to offset the widow's social security benefits which the widow contested. The WCJ denied the employer's petition based on Section 204(a) of the Act. On appeal, the employer made the same argument as Employer does in this case: that Section 204(a) of the Act was enacted to prevent a double recovery. Relying on the rules of statutory construction,[5] we held that the statutory language was clear and unambiguous because there was no mention of Section 307 death benefits under Section 204(a) relative to social security stating:

> Section 204(a) of the Act, 77 P.S. § 71(a), plainly provides that social security old age benefits shall be credited "against the amount of payments made under Sections 108 [of the Act, 77 P.S. § 27.1, occupational disease] and 306 [of the Act, 77 P.S. § 511, total and partial disability payments], except for benefits payable under Section 306(c) [of the Act, 77 P.S. § 513, specific loss] ..." There is absolutely no mention of fatal claim benefits received pursuant to Section 307 of the Act, 77 P.S. §§ 561, 581, in Section 204(a) of the Act, 77 P.S. § 71(a). The statute's affirmative language commands which payments under

the Act must be credited against the receipt of social security old age benefits. There is no ambiguity in the statute. Therefore, the plain language controls and it will not be ignored in pursuit of the statute's alleged contrary spirit or purpose as Employer suggests.

(921 A.2d at 549–50.) Relying on that reasoning, we hold that Section 204(a) of the Act is clear and unambiguous as to whether an employer is entitled to receive an offset for pension payments when a claimant is also receiving Section 307 death benefits because there is no mention of Section 307 death benefits in Section 204(a). Additionally, there has been no allegation made that Claimant was or is an employee of Employer as required by Section 204(a). Finally, based on *Kujawa,* Claimant's right to benefits is not derivative of Decedent's right to benefits. Consequently, Employer is not entitled to an offset.

Accordingly, the order of the Board is affirmed.

### O R D E R

AND NOW, this 31st day of May, 2007, the order of the Workers' Compensation Appeal Board, dated September 26, 2006, at A05–2340, is affirmed.

---

5. The objective of statutory construction is to determine the intent of the General Assembly. 1 Pa.C.S. § 1921(a). Legislative intent is determined by the plain language of the statute. The law is well settled that when the words of a statute are clear and unambiguous, they are not to be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S. § 1921(b). It is only when the words of the statute are not explicit that the court should seek to determine the General Assembly's intent through consideration of statutory construction factors. 1 Pa.C.S. § 1921(c). When ascertaining the intent of the General Assembly, we are mindful that it does not intend a result that is absurd, impossible of execution or unreasonable. 1 Pa.C.S. § 1922(1).