**BROCKWAY PRESSED METALS
and ACE USA, Petitioners,**

v.

**WORKERS' COMPENSATION
APPEAL BOARD (HOLBEN),
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 28, 2008.

Decided May 12, 2008.

Charles W. Craven, Philadelphia, for petitioners.

John T. Hofrichter, Washington, for respondent.

BEFORE: McGINLEY, Judge, FRIEDMAN, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Brockway Pressed Metals and ACE USA (together, Employer) petition for review of the December 12, 2007, order of the Workers' Compensation Appeal Board (WCAB), which affirmed the decision of a workers' compensation judge (WCJ) granting the fatal claim petition (Petition) filed by Amy Holben (Claimant), widow of Brian Holben (Decedent). We reverse.

In a decision issued July 11, 2000, (2000 Decision), a WCJ found that Decedent contracted non-Hodgkin's lymphoma as a result of his exposure to solvents at work and that Decedent was injured and disabled by that disease on October 13, 1997. The WCJ concluded that the occupational disease provisions of section 301(c)(2) of the Workers' Compensation Act (Act)[1]

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 411(2). Section 301(c)(2) includes occupational diseases as defined in section 108 of the Act, added by Section 1 of the Act of October 17, 1972, P.L. 930, *as amended,* 77 P.S. § 27.1, as injuries covered by the Act.

were inapplicable because non-Hodgkin's lymphoma is not an "occupational disease" as defined by section 108 of the Act, 77 P.S. § 27.1. Consequently, the WCJ granted Decedent benefits pursuant to the general injury provisions of section 301(c)(1) of the Act. The 2000 Decision was not appealed.

On April 4, 2005, Decedent died from his work-related non-Hodgkin's lymphoma, and, on August 1, 2005, Claimant filed the Petition. Employer did not file an answer to the Petition but, instead, filed a motion to dismiss, asserting that because Decedent's death occurred more than three hundred weeks after the injury date, it was not compensable under the express language of section 301(c)(1). That section states, in relevant part, "wherever death is mentioned as a cause for compensation under this act, it shall mean only death resulting from such injury and its resultant effects, **and occurring** within three hundred weeks after the injury." 77 P.S. § 411(1) (emphasis added). (WCJ's Findings of Fact, Nos. 1–2.) The Petition was assigned to the same WCJ who issued the 2000 Decision.

On December 19, 2005, the WCJ denied Employer's motion. The WCJ acknowledged that Decedent had been awarded benefits under section 301(c)(1). Nevertheless, applying section 301(c)(2),[2] the WCJ reasoned that it is disability, not death, which must occur within three hundred weeks and that once the claimant establishes work-related disability within that period, it does not matter how many months or years later the death occurs. After holding a hearing, the WCJ concluded that Claimant proved her entitlement to widow's benefits and granted the Petition. (WCJ's Findings of Fact, Nos. 1–2, Conclusions of Law, No. 2.)

Employer appealed to the WCAB, again arguing that Claimant's Petition is barred by section 301(c)(1) and that the WCJ erred in relying on section 301(c)(2) to grant the Petition. The WCAB disagreed and affirmed the WCJ.

The WCAB recognized that, generally, the less restrictive provisions of section 301(c)(2) may not be applied to cases involving injuries under section 301(c)(1). However, the WCAB relied on *Pawlosky v. Workmen's Compensation Appeal Board (Latrobe Brewing Company)*, 514 Pa. 450, 525 A.2d 1204 (1987), for the proposition that a claimant can establish an "occupational disease" for the purposes of section 301(c)(2) even where the disease is not encompassed within section 108 of the Act; thus, the WCAB held that Decedent had established an "occupational disease" and that section 301(c)(2) applied. Further, the WCAB held that because Decedent had a compensable disability as a result of his work-related non-Hodgkin's lymphoma within three hundred weeks of October 13, 1997, Decedent's death from that disease was compensable under sec-

---

2. Section 301(c)(2) of the Act provides, in relevant part:

The terms "injury," "personal injury," and "injury arising in the course of his employment," as used in this act, shall include, unless the context clearly requires otherwise, **occupational disease as defined in section 108 of this act:** Provided, That whenever occupational disease is the basis for compensation, for disability or death under this act, it shall apply only to disabili-

ty or death resulting from such disease and occurring within three hundred weeks after the last date of employment in an occupation or industry to which he was exposed to hazards of such disease: And provided further, That if the employe's compensable disability has occurred within such period, his subsequent death as a result of the disease shall likewise be compensable.
77 P.S. § 411(2) (emphasis added).

tion 301(c)(2). Employer now appeals to this court.[3]

The sole question before us is whether the WCAB erred in relying on section 301(c)(2) and *Pawlosky* to grant Claimant benefits for Decedent's section 301(c)(1) injury. Employer argues that this is the case, and, although we sympathize with Claimant, we must agree with Employer.

Initially, we agree with Employer that the WCAB's interpretation of *Pawlosky* was erroneous. In that case, a claimant sought benefits for a work-related aggravation of a pre-existing asthmatic condition. The supreme court rejected the employer's argument that, because the harm in question involves **a disease,** the exclusive route to compensation is through the occupational disease provisions of section 108. Rather, the court held that the work-related aggravation of the claimant's pre-existing asthma "is not precluded from being an 'injury' under [section 301(c)(1) of] the Act **merely because that disease is not an 'occupational disease'** [under section 108]." *Id.* at 461, 525 A.2d at 1210 (emphasis added). In so holding, the court recognized a **difference** between an "occupational disease" as defined by section 108, which is compensable under section 301(c)(2), and a work-related injury, which, although disease-like, is outside the scope of section 108 and, thus, compensable pursuant to section 301(c)(1).

■ Based on *Pawlosky's* broad interpretation of "injury" in section 301(c)(1), it is now well settled that a claimant can establish a right to benefits for an "injury" in the nature of a work-related disease.

*See e.g., Landis v. Workmen's Compensation Appeal Board (Hershey Equipment Company),* 515 Pa. 41, 526 A.2d 778 (1987) (remanding the matter to the WCAB for a new hearing to determine whether the claimant's eye disease constituted an "injury" under section 301(c)(1) and *Pawlosky); Craftex Mills, Inc. of Pennsylvania v. Workers' Compensation Appeal Board (Markowicz),* 901 A.2d 1077 (Pa.Cmwlth. 2006) (affirming the award of benefits under section 301(c)(1) for the claimant's work-related lung disease). However, the fact that courts recognize a work-related disease as an injury under section 301(c)(1) does not mean that all work-related diseases are recognized as "occupational diseases" under sections 108 or 301(c)(2). *See* David B. Torrey and Andrew E. Greenberg, Pennsylvania Workers' Compensation Law and Practice, §§ 8.2, 8.6, 8.8 and 8.13 (2001) (Torrey) (describing the difference between "occupational disease" claims under sections 108 and 301(c)(2) and "disease-as-injury" claims under section 301(c)(1) after *Pawlosky* ).

■ Moreover, we agree with Employer that the plain language of section 301(c)(2) precludes an award of benefits here because its time limitations expressly apply to disability and death resulting from an "occupational disease" as defined by section 108 of the Act. Here, Claimant acknowledges, and the WCJ found in the 2000 Decision, that Decedent failed to prove that his work-related non-Hodgkin's lymphoma was an "occupational disease" as defined by section 108 and, therefore, section 301(c)(2) does not apply.[4]

---

3. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with law or whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

4. Indeed, legal scholars recognize that, because it is not a true "occupational disease" claim, a disease-as-injury claim will be subject to the section 301(c)(1) death manifestation requirements, and if an original claim is granted, and the employee dies more than

Because Decedent's death occurred more than three hundred weeks after his injury, Claimant's Petition is barred by section 301(c)(1). *Kujawa v. Latrobe Brewing Company,* 454 Pa. 165, 312 A.2d 411 (1973).

Accordingly, we reverse.

### ORDER

AND NOW, this 12th day of May, 2008, the order of the Workers' Compensation Appeal Board, dated December 12, 2007, is hereby reversed.

three hundred weeks after the injury, the fatal claim will be barred. Torrey, § 8.13.